IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 0 7 2006

JOHN E. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:05-cv-00001-nkm |
| | ) | |
| THOMASVILLE FURNITURE | ) | Judge Norman K. Moon |
| INDUSTRIES, INC.; UNIVAR U.S.A., | ) | |
| INC.; AND BUCKINGHAM COUNTY | ) | |
| BOARD OF SUPERVISORS ON | ) | |
| BEHALF OF BUCKINGHAM COUNTY, | ) | |
| A POLITICAL SUB-DIVISION OF THE | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CONSENT DECREE**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 2 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 2 |
| V. | PAYMENT OF RESPONSE COSTS | 4 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 4 |
| VII. | COVENANT NOT TO SUE BY PLAINTIFF | 6 |
| VIII. | RESERVATION OF RIGHTS BY UNITED STATES | 6 |
| IX. | COVENANT NOT TO SUE BY BUCKINGHAM COUNTY | 6 |
| X. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 7 |
| XI. | SITE ACCESS | 8 |
| XII. | ACCESS TO INFORMATION | 9 |
| XIII. | RETENTION OF RECORDS | 9 |
| XIV. | NOTICES AND SUBMISSIONS | 10 |
| XV. | RETENTION OF JURISDICTION | 11 |
| XVI. | INTEGRATION/APPENDICES | 11 |
| XVII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 12 |
| XVIII. | SIGNATORIES/SERVICE | 12 |
| XIX. | FINAL JUDGMENT | 12 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:05cv00001-nkm |
| | ) | |
| THOMASVILLE FURNITURE | ) | Judge Norman K. Moon |
| INDUSTRIES, INC.; UNIVAR U.S.A., | ) | |
| INC.; AND BUCKINGHAM COUNTY | ) | |
| BOARD OF SUPERVISORS ON | ) | |
| BEHALF OF BUCKINGHAM COUNTY, | ) | |
| A POLITICAL SUB-DIVISION OF THE | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT DECREE

### I. BACKGROUND

A. On January 31, 2005, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Buckingham County Landfill Superfund Site in Dillwyn, Buckingham County, Virginia ("the Site").

B. On April 5, 2005, this Court entered a Consent Decree ("2005 Consent Decree") in this case between the United States, Thomasville Furniture Industries, Inc., Univar U.S.A., Inc., and Buckingham County Board of Supervisors on behalf of Buckingham County, a political subdivision of the Commonwealth of Virginia ("Buckingham County" or "the County"), which resolved the majority of the United States' claims in the Complaint under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover costs incurred by the United States in performing response actions at the Site. The 2005 Consent Decree did not resolve the United States' claim in the Complaint against Buckingham County under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover costs incurred by the United States for a discrete drum removal action at the Site beginning in 1999 ("1999 Drum Removal Past Costs"). The current Consent Decree

addresses the United States' reserved claim against Buckingham County for the 1999 Drum Removal Past Costs.

C. Buckingham County does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

D. The United States and Buckingham County agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Buckingham County. Solely for the purposes of this Consent Decree and the underlying complaint, Buckingham County waives all objections and defenses that it might have to jurisdiction of the Court or to venue in this District. Buckingham County shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Buckingham County and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Buckingham County under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "1999 Drum Removal Past Costs" shall mean: (1) the costs set forth in the following two EPA cost reports titled: "All Costs Through 9/3/2005, Buckingham Landfill Drum Site, VA Site ID = D3 67," attached as Appendix A, and "Negotiation/Litigation Costs Thru 9/3/05, Buckingham County Landfill Site, VA Site ID = 03 M8", attached as Appendix B; and (2) any and all Interest on such costs.

2

b. "Buckingham County Board of Supervisors" shall mean the Buckingham County Board of Supervisors on behalf of Buckingham County, a political sub-division of the Commonwealth of Virginia.

c. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 *et seq.*

d. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

e. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

f. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k. "Parties" shall mean the United States and Buckingham County.

l. "Plaintiff" shall mean the United States.

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n. "Site" shall mean the Buckingham County Landfill Superfund Site, encompassing approximately 125 acres of woodlands with an estimated eight acres cleared for landfill operations, located in Dillwyn, Buckingham County, Virginia about 1.5 miles southwest of

the intersection of U.S. 60 and U.S. 15 on County Road 640, and generally shown on the map included in Appendix B.

o.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  PAYMENT OF RESPONSE COSTS

4.  Payment of Past Response Costs to EPA.  Within 30 days of entry of this Consent Decree, Buckingham County shall pay to EPA $ 62,318.00.  Within one year of entry of this Consent Decree, Buckingham County shall pay to EPA an additional $ 62,317.00 plus Interest. Within two years of entry of this Consent Decree, Buckingham County shall pay to EPA a final $62,317.00 plus Interest.  With respect to the first annual and final installment payments of $62,317.00, the Interest due with each installment shall be calculated from the date of entry of this Consent Decree.

5.  Payments required under Paragraph 4 shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Buckingham County by the Financial Litigation Unit of the U.S. Attorney's Office in the Western District of Virginia following lodging of the Consent Decree.

6.  At the time of each payment, Buckingham County shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 03M8, DOJ case number 90-11-2-07971, and the civil action number.

7.  The total amount to be paid pursuant to Paragraph 4 shall be deposited in the Buckingham County Landfill Superfund Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VI.  FAILURE TO COMPLY WITH CONSENT DECREE

8.  Interest on Late Payments.  If Buckingham County fails to make any payment under Paragraph 4 (Payment of Past Response Costs to EPA) by the required due date, Buckingham County shall pay Interest on the unpaid balance calculated through the date of payment.

9.  Stipulated Penalty.

a.  If any amounts due under Paragraph 4 are not paid by the required date, Buckingham County shall be in violation of this Consent Decree and shall pay to EPA, as a

stipulated penalty, in addition to the Interest required by Paragraph 8, $1,000 per violation per day that such payment is late.

b.  Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number 03M8, DOJ Case Number 90-11-2-07971, and the civil action number. Buckingham County shall send the check (and any accompanying letter) to:

> EPA Region III
> Attn: Superfund Accounting
> P.O. Box 360515
> Pittsburgh, PA 15251-6515

c.  At the time of each payment, Buckingham County shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIV (Notices and Submissions).  Such notice shall reference the EPA Region and Site/Spill ID Number 03M8, DOJ Case Number 90-11-2-07971, and the civil action number.

d.  Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Buckingham County of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10.  If the United States brings an action to enforce this Consent Decree, Buckingham County shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11.  Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Buckingham County's failure to comply with the requirements of this Consent Decree.

12.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Buckingham County from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

13. <u>Covenant Not to Sue</u>. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Buckingham County pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover the 1999 Drum Removal Past Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Past Response Costs to EPA) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Buckingham County of its obligations under this Consent Decree. This covenant not to sue extends only to Buckingham County and does not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Buckingham County with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Buckingham County with respect to:

a. liability for failure of Buckingham County to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of the 1999 Drum Removal Past Costs and that were not resolved by the 2005 Consent Decree;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANT NOT TO SUE BY BUCKINGHAM COUNTY

15. Buckingham County covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the 1999 Drum Removal Past Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the 1999 Drum Removal Past Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Virginia, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to 1999 Drum Removal Past Costs.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

17. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18. The Parties agree, and by entering this Consent Decree this Court finds, that Buckingham County is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are the 1999 Drum Removal Past Costs.

19. Buckingham County agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Buckingham County also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Buckingham County shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Buckingham County shall not assert, and may not maintain, any defense or claim based upon statutes of limitation, laches, or principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case or have not been

brought in a timely fashion; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. SITE ACCESS

21.  If the Site, or any other property where access is needed to implement response activities at the Site, is owned or controlled by Buckingham County, then Buckingham County shall, commencing on the date of lodging of this Consent Decree, provide the United States and its representatives, including EPA and contractors, with access at all reasonable times to the Site, or to such other property, for the purpose of conducting any response activity related to the Site, including, but not limited to, the following activities:

> a.  Monitoring, investigation, removal, remedial or other activities at the Site;
>
> b.  Verifying any data or information submitted to the United States;
>
> c.  Conducting investigations relating to contamination at or near the Site;
>
> d.  Obtaining samples;
>
> e.  Assessing the need for, planning, or implementing response actions at or near the Site;
>
> f.  Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Buckingham County or its agents, consistent with Section XII (Access to Information); and
>
> g.  Assessing Buckingham County's compliance with this Consent Decree.

22.  Notwithstanding any provision of this Consent Decree, EPA retains all of its access authorities and rights, as well as all of its rights to require land/water use restrictions, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq.*, and any other applicable statute or regulations.

## XII. ACCESS TO INFORMATION

23.  Buckingham County shall provide to EPA, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

24. Confidential Business Information and Privileged Documents.

a. Buckingham County may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified Buckingham County that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such records without further notice to Buckingham County.

b. Buckingham County may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Buckingham County asserts such a privilege in lieu of providing records, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Buckingham County shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Buckingham County's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

25. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XIII.  RETENTION OF RECORDS

26. Until 10 years after the entry of this Consent Decree, Buckingham County shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

27. After the conclusion of the 10-year document retention period in the preceding paragraph, Buckingham County shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Buckingham County shall deliver any such records to EPA. Buckingham County may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Buckingham County asserts such a privilege, it shall provide Plaintiff with the following:  1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of

9

the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only.  Buckingham County shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Buckingham County's favor.  However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

28.  Buckingham County hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the Commonwealth of Virginia or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XIV.  NOTICES AND SUBMISSIONS

29.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Party in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Buckingham County, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07971)
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:

John J. Monsees
Assistant Regional Counsel (3RC42)
U.S. EPA Region III
1650 Arch Street
Philadelphia, Pennsylvania 19103-2029;

10

April Bowie
Regional Docket Clerk (3RC00)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029; and

Barbara Borden (3PM30)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

As to the Buckingham County Board of Supervisors:

E.M. Wright, Jr.
P.O. Box 200
Buckingham, Virginia 23921

## XV. **RETENTION OF JURISDICTION**

30.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. **INTEGRATION/APPENDICES**

31.  This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the EPA cost report titled "All Costs Through 9/3/2005, Buckingham Landfill Drum Site, VA Site ID = D3 67," which shows costs associated with the drum removal action described in EPA's Removal Site Assessment for the Site dated December 8, 1999. "Appendix B" is the EPA cost report titled "Negotiation/Litigation Costs Thru 9/3/05, Buckingham County Landfill Site, VA Site ID = 03 M8." "Appendix C" is the map of the Site.

## XVII. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

32.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Buckingham County consents to the entry of this Consent Decree without further notice.

33.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII.  SIGNATORIES/SERVICE

34.  The undersigned representative of Buckingham County to this Consent Decree and the Deputy Chief of the Environmental Enforcement Section of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35.  Buckingham County hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Buckingham County in writing that it no longer supports entry of the Consent Decree.

36.  Buckingham County shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Buckingham County hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Buckingham County need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XIX.  FINAL JUDGMENT

37.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Buckingham County. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 7th DAY OF Nov. , 2006 .

United States District Judge

12

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Thomasville Furniture Industries, Inc.; Univar U.S.A., Inc.; and the Buckingham County Board of Supervisors*, Civil Action Number 6:05cv00001-nkm, relating to the Buckingham County Landfill Superfund Site.

FOR THE UNITED STATES OF AMERICA

Respectfully submitted,

Date: 8/15/06

W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Date: 9/15/06

KIM J. SABO
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
(202) 514-1671
(202) 616-6583 (fax)

JOHN L. BROWNLEE
United States Attorney
Western District of Virginia

Date: 9/18/06

JULIE C. DUDLEY (Virginia Bar No. 25225)
Civil Chief Assistant U.S. Attorney
Office of the U.S. Attorney
for the Western District of Virginia
P.O. Box. 1709
Roanoke, VA 24008

13

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Thomasville Furniture Industries, Inc.; Univar U.S.A., Inc.; and the Buckingham County Board of Supervisors*, Civil Action Number 6:05-cv-00001-nkm, relating to the Buckingham County Landfill and Drum Removal Superfund Site.

FOR THE UNITED STATES OF AMERICA

United States Environmental Protection Agency

Dated: 9-6-06

DONALD S. WELSH
*for* Regional Administrator
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Dated: 8/29/06

WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Dated: 8/1/06

JOHN J. MONSEES
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 19103-2029

14

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Thomasville Furniture Industries, Inc.; Univar U.S.A., Inc.; and the Buckingham County Board of Supervisors*, Civil Action Number 6:05-cv-00001-nkm, relating to the Buckingham County Landfill and Drum Removal Superfund Site.

FOR THE BUCKINGHAM COUNTY BOARD OF SUPERVISORS
ON BEHALF OF BUCKINGHAM COUNTY, A POLITICAL SUB-
DIVISION OF THE COMMONWEALTH OF VIRGINIA

Date: June 23, 2006

By:

Typed Name: Joe N. Chambers
Title:         Chairman, Board of Supervisors
Address:     PO Box 243
             Buckingham, Virginia 23921

15